UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TIMOTHY GERSTENKORN,

                    Plaintiff,

v.                                                      Case No.  5:11-cv-533-Oc-TBS

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                    Defendant.
_____/

ORDER

        Pending before the Court is Plaintiff's Unopposed Application For Attorney's

Fees Under the Equal Access To Justice Act (Doc. 20).  Pursuant to the Equal Access

to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees in the

amount of $3,429.50 and costs in the amount of $350.00 payable out of the judgment

fund administered by the United States Department of Treasury.   The schedule of

hours submitted by Plaintiff confirms the attorney hours.  (Doc. 20-2).   Plaintiff

represents that the Commissioner has no objection to his Application.

        Plaintiff asserts that he is the prevailing party in this litigation, that the

Commissioner's position in the underlying action was not substantially justified and that

his net worth at the time proceeding was filed was less than two million dollars.[1]  On

May 16, 2012, the Court entered an Order reversing and remanding this cause back to

the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §

_____

        [1] Under the EAJA, a claimant is eligible for an attorney fee award where:  (1) the claimant is a
prevailing party in a non-tort suit involving the United States; (2) the Government's position was not
substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a
net worth of less than $2 million at the time the complaint was filed; and (5) there are no special
circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

405(g).  (Doc. 18.)  The same day, the Clerk entered Judgment. (Doc. 19.)  On June 13, 2012, Plaintiff filed his Petition for Attorney's Fees.  (Doc. 20.)

Plaintiff attached a copy of the fee agreement, which includes Plaintiff's assignment of EAJA fees to his counsel. In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt.  If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), Plaintiff's Uncontested Petition for Attorney's Fee(Doc. 20) is hereby GRANTED.  Plaintiff is awarded attorney's fees in the amount of $3,429.50 and costs in the amount of $350.00. Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.[2]

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on June 14, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

---

[2] Plaintiff also asks the Court to extend the deadline to file a motion pursuant to 42 U.S.C. §406(b).  However, the Court already extended the deadline to thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.  See Doc 18.

2