UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TIMOTHY GERSTENKORN,

    Plaintiff,

v.                                                        Case No:   5:11-cv-533-Oc-TBS

COMMISSIONER OF SOCIAL
SECURITY and SSA,

    Defendants.
_____

## ORDER

Pending before the Court is Plaintiff's Unopposed Petition and Affirmation for Attorney Fees Under 42 U.S.C. § 406(b)(1).  Pursuant to M.D. Fla. Local Rule 3.01(g) counsel for Plaintiff represents that she has conferred with Defendant's counsel, who has no objection to the motion.  Upon due consideration, the Court **GRANTS** the motion and approves counsel's request for 406(b) fees in the amount of $15,000.

On September 14, 2011, Plaintiff filed a complaint in federal court seeking judicial review of a final decision of the Commissioner of the Social Security Administration.  (Doc. 1).  Plaintiff applied for Supplemental Security Income and Disability Insurance Benefits on August 25, 2006, but his claims were denied initially and upon reconsideration.  (Doc. 12 at 2).  Plaintiff requested a hearing before an administrative law judge ("ALJ") who eventually concluded that he was not disabled.  (Id.).  Plaintiff appealed the ALJ's decision and on December 18, 2009, the Appeals Council remanded the claim for a new hearing and decision.  (Id.).  The ALJ held a second hearing and issued her decision finding Plaintiff again not disabled on August 26, 2010.  (Id.).  This time on appeal, the Appeals Council denied Plaintiff's request for review.  (Id. at 3).

Plaintiff retained Stacey B. DeVeaux as counsel on August 19, 2011 and she filed this action.  (Docs. 1 and 20-3).

On May 16, 2012, the Court entered a final order reversing and remanding the Commissioner's decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 19).  On June 14, 2012, the Court entered an order granting Plaintiff $3,429.50 in attorneys' fees pursuant to the Equal Access to Justice Act.  (Doc. 21).

Plaintiff has now been awarded due benefits totaling $112,028, as well as ongoing future benefits.  (See Doc. 22-2 at 8, stating that $28,007, or 25% of Plaintiff's past due benefits, has been withheld for attorney's fees).  Plaintiff's fee agreement with his counsel provides for attorney's fees in the amount of 25% of any past due benefits awarded to Plaintiff minus any attorney's fees paid to counsel under the EAJA.  (Doc. 22-2 at 2).  Now, counsel seeks an award of $15,000 which is less than her fee agreement provides, and less than the amount that was withheld by the Social Security Administration for the payment of attorneys' fees.  She promises that upon receipt of this sum, she will remit her EAJA award of $3,429.50, to Plaintiff.  See (Id.).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for her client upon remand from federal court may petition the court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  In capping the fee at twenty-five percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002).  "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.

Here, the reasonableness of the 406(b) fee request, in light of the fee agreement and the ultimate award of past due benefits, is not in dispute. See (Doc. 23 at 3). Upon due consideration, the Court **GRANTS** the motion and approves **section 406(b) fees in the amount of $15,000**, to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.

As a final note, Plaintiff has filed her memorandum of law separate from her motion for fees. This violates the Local Rules of this Court, which require that:

> In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include **in a single document** not more than twenty-five (25) pages.

M.D. Fla. Local Rule 3.01(a) (emphasis added).   The Court noted this error in another case.   See Finnemore v. Comm'r of Soc. Sec., No. 6:12-cv-949-Orl-TBS, (Doc. 30 at 2 n.3).   For purposes of this Order, the Court will suspend enforcement of 3.01(g) and rule on the merits of the motion.   See M.D. Fla. Local Rule 1.01(c).   If Counsel chooses to again file her memorandum of law in a separate document from her motion, the Court will deny the motion.

**DONE** and **ORDERED** in Orlando, Florida on April 14, 2014.

/s/ TBS
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

- 3 -